IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN NEAL BRADY,

    Petitioner,

v.

THOMAS L. CAREY,

    Respondent.

No. C 06-05354 SI

**ORDER TO SHOW CAUSE**

### INTRODUCTION

Franklin Neal Brady, an inmate at California State Prison - Solano, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Following a jury trial in Mendocino County Superior Court, Brady was convicted of manufacturing of methamphetamine, unlawfully causing a fire which burned a structure, recklessly causing a fire which caused great bodily injury (with special allegations that two firefighters were killed while employed to suppress that fire), and conspiracy to manufacture methamphetamine. The court sentenced Brady on May 2, 2003, to thirteen years and eight months in state prison. Brady appealed. The California Court of Appeal affirmed the conviction, and denied a petition for rehearing. The California Supreme Court subsequently denied his petition for review and petition for writ of habeas corpus.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The first ground for relief in Brady's petition is that the state court excluded defense evidence of unforeseeable supervening events and concurrent causes, which would have precluded a finding that Brady proximately caused the firefighters' deaths. The exclusion of evidence may violate a defendant's constitutional rights to due process and to present a defense, rights originating in the Sixth and Fourteenth Amendments. *See Holmes v. South Carolina*, 126 S. Ct. 1727, 1731 (2006). Brady's first claim is not patently frivolous and warrants a response.

Brady's second ground for relief is that errors in the jury instructions on intervening and supervening cause deprived him of due process, the right to present a defense, and his right to jury trial. A petitioner may obtain federal collateral relief for errors in the jury charge, if he shows that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Brady's second claim, as to his due process rights, is therefore not patently frivolous and warrants a response.

Brady's third ground for relief is that newly discovered evidence requires a new trial, as it will show that he is not liable for the firefighters' deaths. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). *Herrera* made it clear that there can be no habeas relief based solely on a petitioner's actual innocence of the crime. *See Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995); *Swan v. Peterson*, 6 F.3d 1373, 1384 (9th Cir. 1993), *cert. denied*, 513 U.S. 985 (1994). Brady's

1  third ground for relief is therefore dismissed, without leave to amend.

2  Brady's fourth ground for relief is that the trial court failed to instruct the jury that, as to the charge of manufacturing methamphetamine, the jury had to decide unanimously which activity constituted the crime. A state trial court's refusal to give a specific unanimity instruction, e.g., CALJIC No. 17.01, whenever more than one act could constitute the offense charged may raise a ground cognizable in federal habeas corpus if it so infects the trial that the defendant was thereby deprived of a fair trial guaranteed by the Fourteenth Amendment. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988). Brady's fourth ground for relief is therefore not patently frivolous and warrants a response.

Brady's fifth ground for relief is that the facts underlying the first four grounds for relief, discussed above, cumulatively prejudiced him and deprived him of due process, and the rights to jury trial, confrontation, cross-examination, the assistance of counsel and to present evidence in his defense. In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893-95 (9th Cir. 2003) (reversing conviction where multiple constitutional errors hindered defendant's efforts to challenge every important element of proof offered by prosecution). Brady's fifth claim is therefore not patently frivolous and warrants a response.

Brady's sixth ground for relief is that there was insufficient evidence to support his conviction of manufacturing methamphetamine. The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, *see Jackson v. Virginia*, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, *see id.* at 324. Based on the facts as presented in the petition, Brady's sixth claim is not patently frivolous and warrants a response.

Brady's seventh and final ground for relief is that the trial court's improper discharge of jurors for cause deprived him of due process, his right to jury trial, and his right to trial by a fair and impartial jury. Brady argues that the judge misled prospective jurors as to the legal rules regarding causation, and

3

as a result, six prospective jurors indicated that they could not follow those rules and were discharged for cause. A criminal defendant has a constitutional right stemming from the Sixth Amendment to a fair and impartial jury pool composed of a cross section of the community. *See Holland v. Illinois*, 493 U.S. 474, 476 (1990). The dismissal of a juror for cause based on his acknowledgment that he disagrees with the law governing the case may result in a presumptively biased jury, if petitioner can show that the jurors who found him guilty were unable or unwilling to perform their duties as jurors. *See United States v. Padilla-Mendoza*, 157 F.3d 730, 733-34 (9th Cir. 1998) (exclusion of two jurors who disagreed with prohibiting marijuana did not result in pro-government jury). Brady's seventh ground for relief is therefore not patently frivolous and warrants a response.

## CONCLUSION

For the foregoing reasons, the Court finds the petition merits a response with respect to all but petitioner's third ground of relief (newly discovered evidence). The clerk shall therefore serve by certified mail a copy of this order, the petition and all attachments thereto, upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall also serve a copy of this order on petitioner.

Respondent shall file and serve on petitioner, on or before **December 15, 2006**, an answer showing cause why a writ of habeas corpus should not issue. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent on or before **January 15, 2006.**

**IT IS SO ORDERED.**

Dated: October 14, 2006

SUSAN ILLSTON
United States District Judge

4